SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Paul W. Garrity
Tyler E. Baker
pgarrity@sheppardmullin.com
tbaker@sheppardmullin.com
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700

Tenaya M. Rodewald (*pro hac vice forthcoming*)
trodewald@sheppardmullin.com
379 Lytton Avenue
Palo Alto, California 94301
Telephone: (605) 815-2600

*Attorneys for Democracy Now! Productions, Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEC TABAK,<br><br>    Plaintiff,<br><br>    - against -<br><br>DEMOCRACY NOW! PRODUCTIONS, INC.,<br><br>    Defendant. | Civil Action No. 1:20-cv-2544<br><br>**THIRD-PARTY COMPLAINT AGAINST RICHARD LIEBOWITZ** |
| DEMOCRACY NOW! PRODUCTIONS, INC.,<br><br>    Third-party Plaintiff,<br><br>    - against -<br><br>RICHARD LIEBOWITZ,<br><br>    Third-party Defendant. | |

Defendant and Third-party Plaintiff Democracy Now! Productions, Inc. ("Democracy Now"), by and through its undersigned counsel, Sheppard Mullin Richter & Hampton LLP, as and for its Third-Party Complaint against Richard Liebowitz ("Liebowitz"), counsel to Plaintiff Alec Tabak ("Tabak"), hereby alleges as follows:

## NATURE OF THE ACTION

1. Liebowitz previously sued Democracy Now for copyright infringement on behalf of a different client in the case *Gregory Mango v. Democracy Now! Productions, Inc.*, Southern District of New York Case No. 1:18-cv-10588 ("*Mango*"). Democracy Now settled that case. At the time, Liebowitz represented that he, his law firm, and their agents had not been retained by any other individuals with claims against Democracy Now, were not aware of, nor had been informed of, any other plaintiff who intended to bring, or was considering bringing, litigation against Democracy Now, had no present intention to represent any person who could assert claims against Democracy Now, and were not actively soliciting and would not actively solicit other persons to bring claims against Democracy Now. These representations were material representations of present fact that induced Democracy Now to enter into the settlement agreement in the *Mango* litigation ("Mango Settlement Agreement"). They were also Liebowitz's warranties in the Mango Settlement Agreement, which Liebowitz signed. For the reasons set forth herein, Democracy Now believes and alleges that Liebowitz's representations and warranties to Democracy Now were false at the time they were made, were made to fraudulently induce Democracy Now to enter into the Mango Settlement Agreement, give up its right to continue to vigorously defend itself, and pay Mango and Liebowitz a settlement amount Democracy Now would not otherwise have paid, and that Liebowitz has breached the terms of the Mango Settlement Agreement.

## JURISDICTION AND VENUE

2. The claims of this Third-Party Complaint are so related to Tabak's claims in the instant action that they form part of the same case or controversy, and this Court therefore has supplemental jurisdiction over the claim of this Third-Party Complaint pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Liebowitz because, on information and belief, Liebowitz is domiciled in the State of New York and practices law there, and because the events underlying the claims of this Third-Party Complaint arise out of his contacts with New York, including the settlement of the *Mango* litigation and this litigation, both of which he brought in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim of this Third-Party Complaint occurred in this District.

## PARTIES

5. Democracy Now is a not-for-profit corporation organized and existing under the laws of the state of New York with a place of business at 207 W. 25th Street, Floor 11, New York, NY 10001. Democracy Now is an independent news organization producing an audience-supported, daily, global news broadcast.

6. Liebowitz is a natural person and an attorney who has a practice of bringing hundreds of copyright infringement cases using tactics that have led courts to describe him as a "copyright troll," *McDermott v. Monday Monday, LLC*, No. 17CV9230 (DLC), 2018 WL 5312903, at *2, 2018 U.S. Dist. LEXIS 184049, at *4 (S.D.N.Y. Oct. 26, 2018), and "a clear and present danger to the fair and efficient administration of justice." *Mondragon v. Nosrak LLC*,

Civil Action No. 19-cv-01437-CMA-NRN, 2020 U.S. Dist. LEXIS 82934, at *2 (D. Colo. May 11, 2020).

7. Specifically, Liebowitz typically files hundreds of copyright actions each year, seeking to extract settlement amounts that are unrelated to the merits of the asserted claims or the plaintiffs' potential damages, but instead are based on the amount it would cost the defendants to defend the actions. As a judge of this Court explained:

> In common parlance, copyright trolls are more focused on the business of litigation than on selling a product or service or licensing their copyrights to third parties to sell a product or service. A copyright troll plays a numbers game in which it targets hundreds or thousands of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim.

*McDermott*, 2018 WL 5312903, at *2, 2018 U.S. Dist. LEXIS 184049, at *5 (citation omitted)

8. "As evidenced by the astonishing volume of filings coupled with an astonishing rate of voluntary dismissals and quick settlements in Mr. Liebowitz's cases in this district, it is undisputable that Mr. Liebowitz is a copyright troll." *McDermott*, 2018 WL 5312903, at *3, 2018 U.S. Dist. LEXIS 184049, at *9. Liebowitz is a copyright troll because he engages in what courts and academics define as the "'essence of trolling'" which is "'seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim.'" *Id.* (quoting Matthew Sag, *Copyright Trolling, An Empirical Study*, 100 Iowa L. Rev. 1105, 1108 (2015)); *see also, e.g.*, *Pereira v. 3072541 Can. Inc.*, No. 17-CV-6945 (RA), 2018 U.S. Dist. LEXIS 195406, at *7-8 (S.D.N.Y. Nov. 15, 2018) ("The Court finds particularly concerning Mr. Liebowitz's repeated failures to follow the orders and rules of this Court and others within the district, as well as his propensity to take unreasonable positions and to omit crucial facts—or even to make outright misrepresentations—*in an apparent attempt to increase costs and to extort unwarranted settlements*.") (emphasis added).

9. In October of 2018, at the time of the *McDermott* decision, the court found "[i]n the over 700 cases Mr. Liebowitz ha[d] filed since 2016, over 500 of those have been voluntarily dismissed, settled, or otherwise disposed of before any merits-based litigation. In most cases, the cases are closed within three months of the complaint filing. In some instances, cases were dismissed because Mr. Liebowitz failed to prosecute his clients' claims." *McDermott*, 2018 WL 5312903, at *2, 2018 U.S. Dist. LEXIS 184049, at *5. More recently, another judge of this Court explained that "'according to the Court's records, Mr. Liebowitz, who was admitted to practice in this Court in October 2015, filed 1,110 lawsuits in this Court from the beginning of 2016 through September 16, 2019. That is an average of more than one new case on every day the Court has been open for business.'" *Wisser v. Vox Media, Inc.,* No. 19-cv-1445-LGS, 2020 U.S. Dist. LEXIS 57705, at *6 (S.D.N.Y. Apr. 1, 2020) (citation omitted).

10. "Courts in this District have noted that '[t]here may well be justification for the implication [that a significant portion of the 1,110 cases . . . have been strike suits, designed to extort settlements from defendants on the basis that the defense costs would exceed what plaintiff would accept in settlement.'" *Wisser*, 2020 U.S. Dist. LEXIS 57705, at *7 (citing *Sands v. Bauer Media Grp. USA, LLC,* No. 17-cv-9215 (LAK), 2019 U.S. Dist. LEXIS 160421, at *2 (S.D.N.Y. Sep. 18, 2019).)

11. According to the Federal Court's PACER system, as of May 30, 2020, Liebowitz is listed as attorney on one-hundred sixty-one (161) copyright cases filed in this District since January 1, 2020, and one thousand three hundred and eighty-six (1386) copyright cases filed in this District since 2016.

## FACTUAL ALLEGATIONS

12.     Liebowitz initiated the *Mango* litigation against Democracy Now on November 13, 2018, alleging one cause of action for copyright infringement.

13.     Democracy Now tendered an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Mango Rule 68 Offer"). *Mango*, 18-cv-10588-DLC, Dkt. 34 (May 14, 2019), at p. 4. The Mango Rule 68 Offer represented an amount that was five times Mango's typical photo licensing fee for the type of use at issue, and included the estimated cost of Mango's attorney's fees incurred as of the time of the offer. *Id*. Liebowitz rejected the Mango Rule 68 Offer the same day (ostensibly on behalf of his client Mango), and demanded a sum several orders of magnitude more than any reasonable license fee. *Id*.

14.     After months of litigation (see docket in *Mango*, 18-cv-10588-DLC), Democracy Now agreed to settle the Mango litigation. However, Democracy Now made clear that it would only do so if Liebowitz made certain representations to Democracy Now.

15.     Specifically, Democracy Now insisted that Liebowitz make the following representations and warranties, contained in Section 6.d. of the Mango Settlement Agreement:

> Mango's attorneys represent and warrant on behalf of themselves, and all others acting on their behalf, that they (i) have not been retained by any other individuals with claims against Democracy Now; (ii) are not aware of, nor been informed of, any other plaintiff who intends to bring, or is considering bringing litigation against Democracy Now; (iii) have no present intention to represent any person who could assert claims against Democracy Now that are the same as or similar to the claims released in Section 3 of this Settlement Agreement; and (iv) are not actively soliciting and will not actively solicit other persons to bring claims against Democracy Now. The foregoing is not intended, nor shall it be construed to, restrict Mango's attorneys from practicing law.

16.     The Mango Settlement Agreement also contains an attorney's fees provision providing that the prevailing party in any dispute relating to the Mango Settlement Agreement is entitled to recover its reasonable costs and attorney's fees.

17. After negotiations, Liebowitz agreed to the representations and warranties contained in Section 6.d. and signed the Mango Settlement Agreement on August 1, 2019.

18. Democracy Now paid the amount agreed to in the Mango Settlement Agreement.

19. On his website, Liebowitz claims he represents his clients on a contingency fee basis. On information and belief, Liebowitz directly financially benefited from Democracy Now's payment pursuant to the Mango Settlement Agreement including as a result of representing Mango on a contingency fee basis. On information and belief, Liebowitz is also representing plaintiff Tabak on a contingent fee basis.

20. On information and belief, Liebowitz's representations and warranties to Democracy Now in connection with the Mango Settlement Agreement were false at the time they were made, he knew they were false, and he made them knowing and intending that Democracy Now would rely on them in entering into the Mango Settlement Agreement.

21. Publicly available information shows that at the time he signed the Mango Settlement Agreement, Liebowitz had represented present plaintiff Tabak since at least October 2016. *See Tabak v. Townsquare Media, Inc.*, S.D.N.Y Case No. 1:16-cv-07800-LLS, Dkt. 1 (Oct. 6, 2016) (complaint for copyright infringement filed on behalf of Alec Tabak and signed by Liebowitz).

22. Indeed, federal court filings show that Liebowitz and/or his law firm had represented or been involved in representing Tabak in at least 26 actions for copyright infringement before Liebowitz signed the Mango Settlement Agreement on August 1, 2019.

23. Exhibit C to the Complaint in the present Action is an image of Democracy Now's website allegedly showing the infringing use of Tabak's photograph. This image of Democracy Now's website was captured on or before November 25, 2016, also well before

Liebowitz signed the Mango Settlement Agreement on August 1, 2019. Furthermore the photo at issue was removed from Democracy Now's website long before the Mango Settlement Agreement (and long before the present litigation was commenced).

24. On information and belief, at the time he signed the Mango Settlement Agreement on August 1, 2019, Liebowitz knew of the present claims against Democracy Now by his then and current client Tabak; knew that his then and current client Tabak was considering bringing claims against Democracy Now; had a present intention to represent Tabak and other clients in asserting claims similar to copyright infringement claims against Democracy Now; and/or intended to actively solicit Tabak to bring the present claims against Democracy Now. On information and belief, prior to commencing this Action Liebowitz knew that doing so would constitute a breach of his representations and warranties in the Mango Settlement Agreement, and knew that plaintiff Tabak's claim under 17 U.S.C. § 1202 was barred by the statute of limitations, including because Exhibit C in this Action was captured more than three years prior to the filing date of this Action.

25. Moreover, Liebowitz knew that Democracy Now would rely on his representations and warranties in entering into the Mango Settlement Agreement, because the parties negotiated those terms, and Democracy Now made it clear that the representations and warranties were a condition of Democracy Now agreeing to the Mango Settlement Agreement.

26. For these and other reasons, Democracy Now believes and alleges that Liebowitz fraudulently induced Democracy Now to enter into the Mango Settlement Agreement through false representations of present facts, and breached his representations and warranties contained in Section 6.d. of the Mango Settlement Agreement.

27. Liebowitz filed this Action on March 24, 2020, and emailed Democracy Now's counsel the next day asking that Democracy Now agree to accept service. Democracy Now agreed to accept service.

28. On May 8, 2020, Democracy Now tendered an Offer of Judgment pursuant to Rule 68 in this Action ("Tabak Rule 68 Offer"). The Tabak Rule 68 Offer included an amount that was five times Tabak's typical photo licensing fee for the type of use at issue in this Action, included an amount for statutory damages for Tabak's claim under 17 U.S.C. § 1202 (even though that claim is clearly barred by the statute of limitations), and included the estimated cost of Tabak's attorney's fees incurred as of the time of the offer. Liebowitz, on behalf of Tabak, did not accept the Tabak Rule 68 Offer within the time provided by Rule 68, thereby rejecting it as a matter of law. Accordingly, Democracy Now must now incur costs and attorney's fees in resisting another attempt by Liebowitz to extort a settlement amount unrelated to the possible merits of the litigation—after having been set-up as a target by Liebowitz's prior misrepresentations.

29. In bringing this action, Liebowitz has not just violated the terms of the Mango Settlement Agreement. He also seeks to profit from the fraud and breach described above by recovering a portion of any damages awarded, and by pursuing an award of attorneys' fees that would, on information and belief, be paid to him and not to his client, plaintiff Tabak.

**FIRST CAUSE OF ACTION**
(Fraudulent Inducement – Against Liebowitz)

30. Democracy Now repeats and realleges paragraphs 1 through 29 as if fully set forth herein.

31. In making the representations and warranties in Section 6.d. of the Mango Settlement Agreement, Liebowitz made misrepresentations of material present facts.

32. The representations and warranties constituted misrepresentations of present facts because, on information and belief, at the time he signed the Settlement Agreement on August 1, 2019, Liebowitz, his law firm and/or his agents knew of the present claims against Democracy Now by his then and current client Tabak; knew that his then and current client Tabak was considering bringing claims against Democracy Now; had already obtained or was aware of Exhibit C in this Action; had a present intention to represent Tabak in asserting claims similar to copyright infringement claims against Democracy Now; and/or had a present intention to actively solicit Tabak to bring the present claims against Democracy Now, yet Liebowitz denied each of these facts and represented the opposite was true at the time of the Mango Settlement Agreement.

33. On information and belief, Liebowitz knew that his representations were false at the time he made them because he already represented Tabak in numerous copyright cases, Liebowitz, his agents and his then and current client Tabak had already taken steps to document Democracy Now's alleged infringement in preparation for bringing an action against Democracy Now, and Liebowitz had the intention to assert copyright claims against Democracy Now and/or intended to actively solicit Tabak to do so.

34. The misrepresentations were material because, without the representations and warranties in Section 6.d. of the Mango Settlement Agreement, Democracy Now would not have entered into the Mango Settlement Agreement, given up its rights to defend itself in the Mango litigation, and paid Mango, and though Mango, Liebowitz, the valuable consideration required by the Mango Settlement Furthermore, they were material because settling with a party represented by a copyright troll like Liebowitz makes the settling party a target for future

lawsuits brought by the copyright troll, but representations and warranties such as those contained in the Mango Settlement Agreement mitigate that risk.

35. Liebowitz knew that Democracy Now would rely on his misrepresentations, and made the misrepresentations in the Mango Settlement Agreement with the intention of inducing Democracy Now's reliance. Democracy Now specifically negotiated with Liebowitz for the provisions contained in Section 6.d., and Democracy Now made clear that it would not enter into the Mango Settlement Agreement without those representations.

36. Democracy Now reasonably relied on Liebowitz's misrepresentations of the facts warrantied in Section 6.d of the Mango Settlement Agreement. The Settlement Agreement was a legally binding document negotiated by counsel in what then appeared to be a good faith effort to compromise a dispute.

37. Liebowitz's misrepresentations caused injury to Democracy Now because Democracy Now gave up its valuable right to vigorously defend itself in the Mango litigation, and paid consideration to Mango, and through Mango to Liebowitz, that it would not otherwise have paid. Furthermore, Democracy Now must now incur costs and attorney's fees defending itself in this Action, which is another of Liebowitz's copyright troll actions in which Liebowitz has rejected a Rule 68 Offer much higher than the damages and attorney's fees that could be awarded in this litigation even if plaintiff Tabak eventually prevails. Moreover, Liebowitz seeks to profit from his fraud by recovering a portion of any damages awarded to plaintiff Tabak in this Action, and by pursuing an award of attorneys' fees that would, on information and belief, be paid to him and not to his client. Liebowitz is therefore subject to liability and required to indemnify Democracy Now for all such amounts Democracy Now may be forced to incur or pay as a result of this Action.

## SECOND CAUSE OF ACTION
(Breach of Contract – Against Liebowitz)

38. Democracy Now repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

39. To the extent it is enforceable against Democracy Now, the Mango Settlement Agreement is a valid, binding, and enforceable agreement as to Liebowitz, and he is bound by his representations and warranties therein.

40. Democracy Now performed its obligations under the Mango Settlement Agreement, including by giving up its right to further defend itself in the *Mango* litigation, and paying Mango and Liebowitz the amount required by the Mango Settlement Agreement.

41. Democracy Now is informed and believes that Liebowitz breached the Mango Settlement Agreement and his representations and warranties by, *inter alia*, not disclosing his knowledge of the claims in this action while representing and warrantying that he had no such knowledge, and actively soliciting Tabak to bring this action in violation of his promise not to do so made in the Mango Settlement Agreement.

42. As a result of the foregoing, Liebowitz has damaged Democracy Now in an amount to be determined at trial, but at least in the amount of Democracy Now's costs and attorney's fees in defending the present action, and the amount Democracy Now paid as a result of the Mango Settlement Agreement. Moreover, Liebowitz seeks to profit from his breach by recovering a portion of any damages awarded to plaintiff Tabak in this Action, and by pursuing an award of attorneys' fees that would, on information and belief, be paid to him and not to his client. Liebowitz is therefore subject to liability and required to indemnify Democracy Now for all such amounts Democracy Now may be forced to incur or pay as a result of this Action.

## PRAYER FOR RELIEF

WHEREFORE, Democracy Now respectfully demands judgment on its Third-Party Complaint as follows:

A.  On the First Cause of Action, indemnification for and/or compensatory damages in an amount to be determined, but in no event less than Democracy Now's costs and attorney's fees in defending against Tabak's claims in the present action, the consideration Democracy Now paid pursuant to the Mango Settlement Agreement, the portion of any award of damages to plaintiff Tabak payable to Liebowitz, and any award of attorneys' fees to plaintiff Tabak, as well as punitive or exemplary damages in an amount to be determined.

B.  On the Second Cause of Action, indemnification for and/or compensatory damages in an amount to be determined , but in no event less than Democracy Now's costs and attorney's fees in defending against Tabak's claims in the present action and the consideration Democracy Now paid pursuant to the Mango Settlement Agreement, the portion of any award of damages to plaintiff Tabak payable to Liebowitz, and any award of attorneys' fees to plaintiff Tabak.

C.  Awarding Democracy Now its costs, expenses and attorney's fees incurred in bringing and litigating this Third-Party Complaint, including pursuant to the attorney's fees provision contained in the Mango Settlement Agreement.

D.  Granting Democracy Now such other and further relief as may be just and proper.

Dated: New York, New York
June 3, 2020

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By: */s/ Paul W. Garrity*
Paul W. Garrity
Tyler E. Baker
pgarrity@sheppardmullin.com
tbaker@sheppardmullin.com
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700

Tenaya M. Rodewald (*pro hac vice forthcoming*)
trodewald@sheppardmullin.com
379 Lytton Avenue
Palo Alto, California 94301
Telephone: (605) 815-2600

*Attorneys for Democracy Now! Productions, Inc.*